# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ENRICO T. RHODES,      )<br>                                      )<br>           Plaintiff,          )<br>                                      )<br>      v.                            )<br>                                      )<br>MERCER COUNTY, *et al.*,  )<br>                                      )<br>           Defendants.      ) | Civil Action No. 10-1205<br>Judge Cercone<br>Magistrate Judge Bissoon |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### **I. RECOMMENDATION**

For the following reasons, it is respectfully recommended that Plaintiff's complaint be dismissed, *sua sponte*, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).

### **II. REPORT**

Enrico T. Rhodes ("Plaintiff") is a former pre-trial detainee who was held at Mercer County Jail, in Mercer, Pennsylvania. Plaintiff filed the instant civil action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, *et seq.*, alleging that Defendants violated his rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States. Compl. (Doc. 4) at 2. Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on October 5, 2010. See Order of October 5, 2010.

Plaintiff alleges that, as a pre-trial detainee, he was detained after he posted bond, despite the lack of any detainer that was unaffected by the bond order. Id. at 2. Shortly after he posted bond, but was denied release, Plaintiff filed a petition for writ of habeas corpus in state court. The state court judge, Defendant Dobson, allegedly denied Plaintiff's petition on

January 6, 2010, indicating that "he [was] going to use the way [Plaintiff] was brought to the cmmon [sic] [P]leas [C]ourt of [M]ercer [C]ounty as an effective detainer." Id. Plaintiff sues Defendants for injunctive relief and unspecified monetary damages. Id. at 4.

A review of the state court judge's order, which is attached to this report as Exhibit A, shows that Plaintiff was transferred to Mercer County as a federal prisoner on a writ of habeas corpus ad prosequendum. Additionally, the order stated that the state court had previously determined that, given his status, Plaintiff would not be eligible for release even if he did post bond.[1] See Ex. A, at 1-2.

28 U.S.C.§ 1915 requires the federal courts to review complaints filed by persons that are proceeding IFP and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Thus, a court must dismiss, *sua sponte*, a complaint that lacks arguable merit in fact or law. Stackhouse v. Crocker, 266 F. App'x 189, 190 (3d Cir. 2008) (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)). The standard for reviewing a complaint under section 1915(e)(2)(B) is the same as that for determining a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999); see also Banks v. Mozingo, No. 08-004, 2009 WL 497572, at *6 (W.D. Pa. Feb. 26, 2009) (Cercone, J.).

---

[1] Even when determining whether to dismiss a complaint for failure to state a claim, courts are permitted to take judicial notice of matters of public record, prior judicial opinions, and official court records. See, e.g., McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009); Carley v. Wheeled Coach, 991 F.2d 1117, 1126 (3d Cir. 1993) (citing Gov't of Virgin Islands v. Testamark, 528 F.2d 742, 743 (3d Cir. 1976)). The order of the state court denying Plaintiff's state habeas petition clearly is a court record, and a matter of public knowledge. Thus, it is permissible for this Court to consider it in making its recommendation.

### A. Injunctive Relief

While Plaintiff does not specify the form of injunctive relief that he seeks, based on the content of his complaint, this Court interprets it to be immediate release from custody. Such a remedy would be appropriate only in a habeas corpus petition, and not in a civil rights complaint. Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). Additionally, it appears from the docket that Petitioner was released from custody on or about January 17, 2011. (Doc. 8) at 1. Accordingly, any claim for injunctive relief should be denied.

### B. Absolute Judicial Immunity

Plaintiff's claims for money damages against Defendant Dobson – a judge on the Court of Common Pleas of Mercer County, Pennsylvania – are barred by the doctrine of absolute judicial immunity. Under this doctrine, immunity from suit applies to judicial officers in the performance of their official duties, thereby relieving them from liability for judicial acts. Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (citing Mireles v. Waco, 502 U.S. 9 (1991)). Furthermore, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction."" Azubuko, 443 F.3d at 303 (quoting Stump v. Sparkman, 435 U.S. 349, 356–57 (1978)) (internal quotations omitted). Plaintiff's allegations relate to actions taken by Defendant Dobson pursuant to his judicial authority. Furthermore, Plaintiff fails to allege any facts that would lead to the conclusion that this judicial official acted in a manner that was clearly outside of his jurisdiction. As such, these claims should be dismissed.

### C. Entity Liability

A "local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Serv.s, 436 U.S. 658, 694 (1978). Instead, in order to state a claim of municipal liability under § 1983, a plaintiff must allege that he or she was subject to a constitutional violation as the result of some identifiable official custom or policy of a municipality. Faylor v. Szupper, No. 10-2181, 2011 WL 11018, at *3 (3d Cir. Jan. 4, 2011) (citing Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998)). Additionally, a plaintiff must establish that the municipality was the moving force behind his alleged injury. Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S 397, 405 (1997). This means that the "plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Id. (citations omitted).

Plaintiff has failed to allege the existence of any custom or policy of Defendant Mercer County that was the driving force behind his allegedly unlawful detention. Accordingly, the claims against this Defendant should be dismissed.[2]

### D. Defendant Gill

It is clear from the face of the complaint that Defendant Gill, the warden of Mercer County Prison, was acting in response to orders of the Court of Common Pleas of Mercer County during the entirety of Plaintiff's detention there, with the possible exception of the period of time between December 14, 2009, when Plaintiff posted bond on for his state criminal charges, and January 6, 2010, when Plaintiff's state petition for writ of habeas corpus was denied.

---

[2] Additionally, based on this Court's analysis in Part II.D of this report, *infra*, any leave to amend this claim would be futile, and should be denied.

Accordingly, all claims against him not based on Plaintiff's detention between those two dates should be dismissed, as Plaintiff has not alleged fact that "state a claim to relief that is plausible on its face." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Plaintiff's claims stemming from his detention during the period of time from December 14, 2009, to January 6, 2010, fail as well, as they run afoul of the Rooker-Feldman doctrine. This is a judicially-created doctrine of abstention that bars the lower federal courts from reviewing certain state court actions. See, e.g., Goodson v. Maggi, --- F. Supp. 2d ----, No. 08-44, 2011 WL 2533243, at *7 (W.D. Pa. June 23, 2011) (Lancaster, C.J.). It applies to claims that meet the following four criteria: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). "The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim." Great W., 615 F.3d at 166.

Plaintiff's claims regarding his detention after posting bond, but before his state habeas petition was denied, clearly are barred by Rooker-Feldman. Plaintiff's state habeas petition was denied because the state court judge found that his continued detention was lawful, and the damage that Plaintiff suffered because of that ruling was his continued detention despite the lack of any federal detainer and Plaintiff having posted bond. The order holding that his continued detention was lawful was issued on January 6, 2010 – long before the instant civil action was filed. Plaintiff asks this Court to grant him money damages based on his allegations that his constitutional rights were violated by his continued detention after posting bond – essentially

5

invalidating the state court's determination that his detention was lawful. This clearly fits into the test articulated in Great Western and, as such, the relief sought by Plaintiff is barred by Rooker-Feldman.

Additionally, even if it were improper to apply Rooker-Feldman to this case, Plaintiff's claims for money damages against Defendant Gill are barred by the doctrine of qualified immunity. "Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Pearson v. Callahan, 555 U.S. 223, 231 (2009). The doctrine provides a government official immunity from suit rather than a mere defense to liability, and, thus, the issue of qualified immunity should be addressed at the earliest possible stage in litigation. Id. at 231-32. The test for whether qualified immunity is appropriate was explained by the Court in Saucier v. Katz, in which the Supreme Court held that a court must consider (1) whether the facts "show that the officer's conduct violated a constitutional right[;]" and then (2) "if a violation could be made out . . . the next, sequential step is to ask whether the right was clearly established."[3] 533 U.S. 194, 201 (2001).

In the case at bar, a state court judge held that Plaintiff's detention was lawful. See Ex. A, at 2. Even if such an order were to violate Plaintiff's constitutional rights – a finding which this Court does not make – there is no reason to expect that Defendant Gill would have more

---

[3] The order of the Saucier analysis was relaxed somewhat by Pearson v. Callahan, in which the Court held that "[b]ecause the two-step Saucier procedure is often, but not always, advantageous, the judges of the district courts and the courts of appeals are in the best position to determine the order of decisionmaking [that] will best facilitate the fair and efficient disposition of each case." 555 U.S. 223, 230 (2009). For reasons that are evident, reversing the two-step Saucier procedure is the more helpful in disposing of the qualified immunity issue currently before this Court.

expertise than a state judge in this matter.  As a result, Plaintiff's allegations do not sustain the plausible inference that a clearly established constitutional right was violated by his detention.

For the above reasons, Plaintiff's claims for monetary damages against Defendant Gill should be dismissed.

### III.  CONCLUSION

For the reasons stated above, it is respectfully recommended that this case be dismissed, *sua sponte*, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).  Additionally, as it is clear that leave to amend would be futile, dismissal should be with prejudice.  See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, Plaintiff is allowed until October 28, 2011, to file objections to this report and recommendation.  Failure to file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


Dated: October 16, 2011
s/Cathy Bissoon
CATHY BISSOON
UNITED STATES MAGISTRATE JUDGE

**cc:**
**ENRICO T. RHODES**
128 Chicago
Youngstown, OH 44507